357-08/MEU/PLS
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
OCEAN K&S CORPORATION SEOUL, KOREA
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)
Pamela L. Schultz (PS 8675)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
OCEAN K&S CORPORATION SEOUL, KOREA,

                Plaintiff,

  -against-                               **VERIFIED COMPLAINT**

OLK CO. LTD.,
                Defendant.
-----------------------------------------------------------x

      Plaintiff, OCEAN K&S CORPORATION SEOUL, KOREA ("OKS"), for its Verified Complaint against Defendant OLK CO. LTD. ("OLK"), alleges upon information and belief as follows:

      1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times material hereto, Plaintiff OKS was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 8F Seoktan-Heokwan Bldg, 80-6 Susong-Dong, Chongro-Gu, Seol, Korea 110727.

3. At all times relevant hereto, Defendant OLK was and still is a foreign business entity duly organized and existing under the laws of a foreign country with various addresses in Seoul, Korea as well as an address at Pt. Tara Cipta Kreasi, JL Pramuka No. 10 Kel. Palmerian, Kec. Matraman, Jakarta, Timur 13140, Indonesia.

4. On or about April 18, 2008, Plaintiff OKS, in the capacity as disponent owner of the M/V MEDI TOKYO, entered into a maritime contract of charter party with Defendant OLK, as charterer, for the carriage of a shipment of 60,000 metric tons of coal in bulk, 10% more of less at Owner's option.

5. Pursuant to the terms of the charter party, the vessel was duly delivered into service under the charter, and the cargo was carried from Indonesia to Korea.

6. After the cargo was discharged, on or about May 23, 2008, Plaintiff OKS submitted an invoice to Defendant OLK for amounts due and outstanding under the charter party for ocean freight, dead freight, and demurrage totaling $3,105,327.40.

7. Despite due demand, OLK has refused and/or otherwise failed the pay the amounts due and outstanding under the invoice.

8. The charter party provides for the application of English law and all disputes between the parties are to be resolved by the arbitration in Singapore, and OKS specifically reserves its right to proceed in arbitration.

9. This action is brought to obtain jurisdiction over OLK and to obtain security in favor of Plaintiff OKS respect to its claims against OLK and in aid of arbitration proceedings OKS will soon commence.

10. This action is further brought to obtain security for any additional sums to cover Plaintiff's anticipated attorney fees and costs in the arbitration and interest, all of which are recoverable as part of Plaintiff's claim under English law.

11. Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs including attorney fees, arbitrators' fees, disbursements and interest are recoverable as an element of Plaintiff's claim.

12. Plaintiff estimates, as nearly as can be computed, that the legal expenses and arbitral costs of prosecuting the claim will be $500,000 and interest on its damages are estimated to be $745,278.57 (calculated at the rate of 8% for a period of 3 years, the estimated time for completion of the proceedings).

**Request for Rule B Relief**

13. Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant (collectively hereinafter, "ASSETS"), including but not limited to ASSETS at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

14. The total amount to be attached pursuant to the calculations set forth above is **$4,350,605.97**

WHEREFORE, Plaintiff OCEAN K&S CORPORATION SEOUL, KOREA prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b. That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$4,350,605.97** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant (collectively hereinafter, "ASSETS"), including but not limited to such ASSETS as may be held, received, or transferred in its name or as may be held, received or transferred for its benefit, at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to an order compelling Defendant to arbitrate and/or the recognition and enforcement of any judgment entered against the Defendant in the arbitration proceedings; and

d. For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
      June 30, 2008               FREEHILL HOGAN & MAHAR, LLP
                                    Attorneys for Plaintiff
                                    OCEAN K&S CORPORATION SEOUL, KOREA

                        By: _____
                                    Michael E. Unger (MU 0045)
                                    Pamela L. Schultz (PS 8675)
                                    80 Pine Street
                                    New York, NY  10005
                                    (212) 425-1900

## ATTORNEY VERIFICATION

State of New York    )
                    ) ss.:
County of New York  )

PAMELA L. SCHULTZ, being duly sworn, deposes and says as follows:

1. I am an associate of the firm Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
PAMELA L. SCHULTZ

Sworn to before me this
30 day of June 2008.

_____
Notary Public

Lisa M. Morales
Notary Public, State of New York
No. 01MO6162004
Qualified in the Bronx
Commission Expires Feb. 26, 2011